UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENITA AUSTIN, | ) |
|       Plaintiff, | ) ) ) |
|     v. | ) Case No. 17-cv-04140 ) |
| WEST LIBERTY FOODS and ECOWIZE NORTH AMERICA, LLC, | ) Hon. John Z. Lee ) ) |
|       Defendants. | ) ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Renita Austin, by and through her undersigned, Court-appointed counsel, Stephen R. Meinertzhagen of Burke, Warren, MacKay & Serritella, P.C., moves this Court for entry of a default judgment against Defendant Ecowize North America, LLC ("Ecowize"). In support of this Motion, the Plaintiff states as follows:

1. Plaintiff brought a Complaint against her former employer, Defendant Ecowize, alleging employment discrimination in the form of her harassment and ultimate termination on the basis of her race (African American) and gender (female), in violation of Title 7 of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

2. On July 18, 2018, this Court entered an Order of Default as to Ecowize as a result of its failure to appear in this case following service of process. (Dkt. 33.)

**Back Pay**

3. Plaintiff is entitled to an award of back pay against Ecowize. An award of back pay is presumptively proper for a violation of the civil rights law. *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003).

4. Plaintiff had an annual salary of $68,000 when Ecowize wrongfully terminated her on January 23, 2017. She expected her pay to increase approximately 3% per year while employed at Ecowize. (See Affidavit of Renita Austin, attached hereto as Ex. A, para. 8.)

5. After diligently seeking comparable employment, in March 2017 she was hired by the Anthem Companies, LLC ("Anthem"), but her pay was less than it had been at Ecowize – $23,435.23 in 2017 and $33,761.67 in 2018. Based on her hourly wage of $18.14 per hour at 40 hours per week, for 2019 she expects to have earned $18,865.60 through June 30, the estimated date of judgment in this case. (Austin Aff., paras. 10-16.)

6. Plaintiff calculates back pay as follows:

| Period | Expected Pay at Ecowize | Actual Pay at Anthem | Back Pay |
|---|---|---|---|
| 1/23-12/31/2017 | $63,715.07[1] | $23,435.23 | $40,279.84 |
| 2018 | $70,040.00 | $33,761.67 | $36,278.33 |
| 1/1-6/30/2019 | $36,070.60 | $18,865.60 (projected)[2] | $17,205.00 |
|  |  | **Total** | **$93,763.17** |

7. Plaintiff respectfully requests the Court enter judgment against Ecowize and award her back pay of $93,763.17.

**Prejudgment Interest**

8. Prejudgment interest on back pay is presumptively available. *Shott v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 338 F.3d 736, 745 (7th Cir. 2003). When calculating prejudgment interest, courts should use the prime rate. *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 820 (7th Cir. 2002). The average monthly prime rate for the period January 2017 through

---

[1] Prorated salary calculated as $68,000 X (365-23)/365 = $63,715.07

[2] Calculated as 26 weeks X 40 hrs/week X $18.14/hr = $18,865.60

May 2019[3] is 4.67%.  See Board of Governors, Federal Reserve System, *Data Download Program,* https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (last visited June 12, 2019), print-out attached hereto as Ex. B.  Because Ecowize's civil rights violations occurred no later than January 23, 2019, she calculates prejudgment interest from that date through the estimated judgment date of June 30, 2019, as follows: **$93,763.17 X .0467 X 2.4370[4] = $10,670.99**.

9. Plaintiff respectfully requests the Court enter judgment against Ecowize and award award her prejudgment interest on her back pay of $10,670.99.

**Front Pay**

10. Plaintiff is also entitled to an award of front pay.  While reinstatement is the preferred remedy for future harm caused by employer's discriminatory action, it is unsuitable where it "would be difficult for the Court to administer." *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1045 (7th Cir. 1994).  Likewise, reinstatement is inappropriate in circumstances such as where there is no position available or the employer-employee relationship is pervaded by hostility.  *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (9th Cir. 1998).  In such circumstances, front pay is the appropriate award for prospective relief.  *Id*.  Here, it is unclear how the Court could administer reinstatement because Ecowize has failed to appear in this case.  Furthermore, as demonstrated by her Affidavit, the Plaintiff's relationship with her former employee is pervaded by hostility and there is no evidence that the position from which the Plaintiff was wrongfully terminated is even open. (Austin Aff., paras. 5-7.)

11. Under 42 U.S.C. § 1981a(b)(3) the amount of damages available for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of

---

[3] Prime rate for June 2019 is, of course, not yet available.

[4] This period is the prorated portion of 2017 (365-23)/365 + 1yr (2018) + half year (2019).

life, and other nonpecuniary losses, and the amount of punitive damages" is limited to $200,000 where the defendant has more than 200 and fewer than 500 employees.

12. According to Ecowize's LinkedIn page it has 256 employees on LinkedIn. See https://www.linkedin.com/company/ecowize-group, last accessed June 18, 2019, print-out attached hereto as Ex. C. Ecowize may have more than 500 employees, but it certainly has more than 200 as that many have their own LinkedIn pages.

13. Three years of front pay is appropriate in this case. *See*, *e.g.*, *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.,* 65 F.3d 562, 574 (7th Cir. 1995) (affirming ten-year front pay award until plaintiff's retirement age of 65); *Phillips v. City of South Bend*, No. 3:15CV527-PPS, 2018 WL 2041798, at *10 (N.D. Ind. May 1, 2018) ("an award for three years properly balances the need to compensate [the plaintiff] with the difficulty inherent in predicting the future."); *Washington v. Office of the State Appellate Def.,* 12 C 8533, 2016 WL 3058377, at *9–10 (N.D. Ill. May 31, 2016) (awarding 6 and ½ years front pay); *Scott v. Peterson, No*. 09 C 1633, 2010 WL 3173001, at *4 (N.D. Ill. Aug. 11, 2010) (awarding 33 months of front pay).

14. Front pay calculations must be discounted to present value. *Scott*, 2010 WL 3173001, at *4, FN 5. Here, the discount rate of 4.67% applied to front pay is equally appropriate for front pay since, although it is backward-looking, it is derived from the average monthly prime rate for the period January 2017 through May 2019 and is therefore tied to an historical index.

15. Plaintiff expects her hourly wage at Anthem to increase approximately 3% annually. (Austin Aff., para. 13.)

16. Plaintiff calculates front pay as follows:

| Period | (a) Projected Lost Wages at Ecowize | (b) Projected Earnings at Anthem | (a) – (b) Front Pay | Discount Value | Present Value |
|---|---|---|---|---|---|
| 7/1/19 – 12/31/19 | $36,070.60 | $18,865.60 | $17,205.00 | n/a | $18,865.60 |
| 1/1/20 – 12/31/20 | $74,305.44 | $38,863.14 | $35,442.30 | 1.0467 | $33,787.14 |
| 1/1/21 – 12/31/21 | $76,534.60 | $40,029.03 | $36,505.57 | 1.0956 | $33,015.64 |
| 1/1/22 – 6/30/22 | $39,415.32 | $20,614.95 | $18,800.37 | 1.1467 | $16,042.36 |
| | | | | Total | $101,710.74 |

17. Plaintiff respectfully requests the Court enter judgment against Ecowize and award her front pay after discounting to the present value of $101,710.74.

**Emotional Distress**

18. Damages for emotional distress and humiliation are available for a §1981 claim. *Musikiwamba v. ESSI, Inc*., 760 F.2d 740, 748 (7th Cir. 1985). An emotional distress damages award can be supported solely by a plaintiff's testimony about his or her emotional distress. *Tullis v. Townley Eng'g & Mfg. Co.,* 243 F.3d 1058, 1068 (7th Cir.2001).

19. Here, Plaintiff experienced emotional distress after her wrongful termination by Ecowize, including feeling devastated, humiliated and degraded. She suffers from and is being treated for clinical depression and experiences physical symptoms including insomnia, headaches and weight gain. As a result of her wrongful termination by Ecowize she has difficulty socializing or enjoying former pastimes.

20. Plaintiff believes that a minimum award of $75,000 would compensate her for the emotional distress and humiliation she has suffered as a result of Ecowize's civil rights violations.

21. Plaintiff respectfully requests the Court enter judgment against Ecowize and award her emotional distress damages of $75,000.

**Conclusion**

22. In summary, Plaintiff requests the Court enter judgment in her favor and against Ecowize in the amount of $256,144.90 as follows:

| Award | Amount |
|---|---|
| Back Pay | $93,763.17 |
| Prejudgment Interest on Back Pay | $10,670.99 |
| Front Pay | $101,710.74 |
| Emotional Distress | $75,000.00 |
| **Total:** | **$281,144.90** |

WHEREFORE, Plaintiff Renita Austin request that this Court enter default judgement against Defendant Ecowize North America, LLC under Fed. R. Civ. P. 55(b)(2) as set forth herein, and grant her such other and further relief as the Court deems appropriate.

Dated: June 21, 2019                              Respectfully submitted,

                                                  RENITA AUSTIN

                                                  By:    /s/ *Stephen R. Meinertzhagen*
                                                         Court Appointed Attorney

Stephen R. Meinertzhagen
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
(312) 840-7000
smeinertzhagen@burkelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2019, I electronically filed the foregoing Plaintiff's Motion for Default Judgment using the CM/ECF system, which will provide electronic service notification to all counsel of record.

/s/ *Stephen R. Meinertzhagen*
Stephen R. Meinertzhagen
